## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARK T. MANUEL, JR.  # 55601-083          *

      Petitioner          *

          v          *          Civil Action No. DKC-13-2043

TIMOTHY S. STEWART, WARDEN          *

      Respondent          *
                  ***

## MEMORANDUM OPINION

Pending is Mark T. Manuel, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking his release from the Special Housing Unit at the Federal Correctional Institution ("FCI-Cumberland"), so that he may continue programming through which he might earn early release. Warden Timothy S. Stewart has filed a Response and Motion to Dismiss with which is unopposed. (ECF No. 8). No hearing is needed to resolve the issues. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow, the petition will be denied.

## BACKGROUND

Manuel, a self-represented federal inmate, filed his Petition on pre-printed court-provided forms for seeking habeas relief under 28 U.S.C. § 2241. He claims that during the time he was confined at FCI-Cumberland: 1) he was improperly placed in the Special Housing Unit ("SHU") based on a request from the Federal Bureau of Investigation ("FBI"); 2) his placement in the SHU resulted in his subsequent removal from the institution's Residential Drug Abuse Program ("RDAP") and caused him to become ineligible for early release under 18 U.S.C. § 3621(e); and 3) prison personnel unlawfully retaliated against him for filing this Petition by subjecting him to disciplinary action for failing to stand for an inmate count. (ECF No. 3, pp. 1, 8). In essence, Manuel's "Petition" is a hybrid action premising his claim for habeas relief on the allegedly improper classification determinations made by prison personnel as he seeks: 1) removal from

the SHU and his return to the prison camp where he had been previously housed; 2) resumption of RDAP participation; and 3) rescission of his management variable and transfer request. (ECF No. 1, pp. 8-10).[1] Presumably, this relief, if granted pursuant to his § 2241 Petition, would reduce the length of incarceration and alter the execution of his sentence. [2]

On September 25, 2013, the Bureau of Prisons ("BOP") transferred Manuel to the federal low security institution in Butner, North Carolina, where he was housed in the general population.[3] Respondent avers that Manuel's claim seeking his removal from the SHU at FCI-Cumberland is therefore moot. Additionally, Respondent avers Manuel has failed to exhaust administrative remedies and has no liberty interest in placement in an RDAP program or early release.

---

[1] Manuel does not make any allegations in the body of the Petition explaining how the management variable and transfer request impact his release from custody. Respondent's exhibits show that on June 13, 2013, his unit team requested a transfer and the application of a management variable for so he could transfer from the SHU at FCI-Cumberland to a low security institution. (ECF No. 8, Ex. 2, Attachment F). Manuel's challenge to the unit team's request is not appropriately raised in a habeas action. *See supra* pp. 10-11. In any event, an inmate has no constitutional right to a particular prison classification and transfers are functions within the discretion of the BOP. *Olim v. Wakenekona*, 461 U.S. 238, 245 (1983).

[2] Additionally, Manuel alleges that: 1) his SHU placement violated the Interstate Agreement on Detainers Act ("IAD"); 2) prison staff tampered with his outgoing mail in violation of the First Amendment; and (3) prison staff failed to process and provide administrative remedy forms. (ECF No. 1, pp. 8-10). As Respondent notes, in these claims Manuel is essentially challenging the conditions of his confinement. (ECF No. 8, n. 1). A § 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U .S. 475, 499–500 (1973); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [different] action."). As a favorable determination on each of these claims would have no effect on Manuel's release date, they are not cognizable on federal habeas review. If Manuel wishes to pursue these claims, he may do so in an appropriate civil action. This court expresses no opinion on their merit.

[3] Respondent's Memorandum states that if Manuel receives all good conduct time that is projected, he is scheduled to be released from prison on October 6, 2014, via good conduct time release. (ECF No. 8, Exhibit 1, ¶2). It is unclear why the BOP inmate locator website indicates that Manuel is no longer in BOP custody. *See* http://www.bop.gov/inmateloc/. This website information was confirmed with FCI-Butner staff by court personnel. Manuel has not notified the court of his current address, and has not complied with Local Rule 102.1.b.iii (D. Md. 2014), which requires a self-represented litigant to maintain a current address with the Clerk at all times while his case is pending. The case is dismissible on this basis.

## FACTS

### A.      Residential Drug Abuse Program

Manuel complains he was improperly removed from RDAP, thereby precluding the opportunity the program offers to obtain early release.  An explanation of the program follows. Title 18 U.S.C. § 3621 authorizes incentives for prisoner participation in the BOP drug treatment programs. Subsection (e)(2) of the statute provides in pertinent part:

> (A) Generally. -- Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment... shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. . . .
> (B) Period of Custody. -- The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. (Emphasis added).

18 U.S.C. § 3621(e)(2).

The BOP has promulgated regulations and policy implementing the statute at 28 C.F.R. Subpart F - Drug Abuse Treatment Programs, §§ 550.50-.60.  The BOP's Residential Drug Abuse Treatment Program consists of three distinct components or phases: 1) the unit-based residential program; 2) the institution transition phase; and 3) the community transitional services phase. 28 C.F.R. §§ 550.56 - 550.59.  An inmate has not successfully completed the treatment program making him eligible for incentives such as early release until each of the three components has been successfully completed.  *Id.*

### B.      Relevant Incarceration History

Respondent presents the following undisputed facts in support of its dispositive motion. On November 5, 2012, the United States District Court for the Eastern District of Pennsylvania revoked Manuel's supervised release for a violation of 18 U.S.C. § 371, Conspiracy to Devise and Intent to Devise a Scheme and Artifice to Defraud Persons, and a violation of 18 U.S.C. § 1341, Mail Fraud, and sentenced him to 32 months of incarceration.  (ECF No. 8, Exhibit 1, ¶2). If Manuel receives all good conduct time that is projected, he is scheduled to be released from

prison on October 6, 2014, via good conduct time release. *Id.*[4]   Manuel does not dispute his release date in this Petition.

On November 9, 2012, the BOP assigned Manuel a security classification of "minimum," and on November 19, 2012, designated him to the minimum security camp at FCI-Cumberland. (ECF No. 8, Ex. 2, ¶ 3).   In January of 2013, Manuel entered into the RDAP program, and was also determined provisionally eligible for early release pursuant to 18 U.S.C. § 3621(e).   (ECF Ex. 3, ¶ 4).

On April 4, 2013, the Lake County, Indiana, Police Department lodged a detainer against Manuel with the BOP on a theft charge. (ECF No. 8, Ex. 2 at ¶ 4).   On April 10, 2013, Manuel was placed in administrative detention in the SHU at FCI-Cumberland after staff were informed by the FBI of an ongoing criminal investigation that required Manuel to be housed in a more secure institution . *Id.*

The BOP determined Manuel ineligible for early release under 18 U.S.C. § 3621(e) based on the detainer.  (ECF No. 8, Ex. 3, ¶ 5).   Because the RDAP requires an inmate to be housed in a Community Correction Center ("CCC" or halfway house) for a portion of the program, an unresolved detainer or pending charge ordinarily precludes CCC participation. *See id.*, BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, pp. 10-11; and BOP Program Statement 5331.02, Early Release Procedures under 18 U.S.C. § 3621(e).  *Id.*   After his removal from RDAP in April 2013, the BOP expelled Manuel from the program on July 11, 2013, because his SHU placement prevented participation in RDAP. (ECF No. 8, Ex. 3, p. ¶ 5).

On May 24, 2013, Manuel submitted a request to Lake County, Indiana, pursuant to the IAD for a final disposition of the theft charge.  (ECF. No. 8, Ex. 2, ¶ 5).   On September 18, 2013, the Lake County Prosecutor filed a Motion to Dismiss the theft charge. *See id.* ¶ 7.   The Indiana court granted the Motion and the detainer was removed on September 19, 2013.  *Id.*

---

[4]  As noted,  it is unclear why Manuel shown on the BOP website as not in custody.  *See* supra n. 3.

On June 13, 2013, Manuel's unit team requested a transfer and application of a management variable so Manuel could transfer from the SHU at FCI-Cumberland to a low security institution where he could be securely housed within the general population. *Id*. ¶ 6. On June 24, 2013, the BOP changed Manuel's classification from "minimum "to "low" security. *Id*. On September 25, 2013, the BOP transferred Petitioner to FCI-Butner, a low security facility determined appropriate for his security classification. (ECF No. 8, Ex. 1 at ¶ 5).

C.     **Administrative Remedy Process**

Prior to his transfer, Manuel attempted to resolve his claims through the administrative remedy process at FCI-Cumberland. On July 9, 2013, Manuel filed Request for Administrative Remedy Number 741601-F1, asserting that he had been improperly removed from RDAP due to the FBI investigation. (ECF No. 8, Ex. 1 ¶ 3).  On July 29, 2013, Respondent denied his request. On August 10, 2013, Manuel appealed the decision to the Regional Director, who denied the appeal on August 26, 2013.  *Id*.  Manuel did not pursue an appeal of the Regional Director's decision to the General Counsel. *Id*.

Manuel filed a second Request for Administrative Remedy, No. 745574-F1 on August 9, 2013, appealing the decision of his Unit Disciplinary Committee Hearing at which he was found guilty of Failing to Stand for Count and sanctioned with 45 days loss of commissary privileges. *Id*. ¶ 4.  He did not appeal the Warden's denial to the Regional Director or the General Counsel. *Id*.

**DISCUSSION**

The habeas statute at 28 U.S.C. § 2241 provides relief to persons "in custody in violation of the Constitution or law… of the United States…." 28 U.S.C. § 2241(c)(3).  Respondent avers Manuel not shown that he is entitled to habeas relief  because Manuel's transfer from the SHU at FCI-Cumberland to the general population at FCI-Butner rendered moot his claim for release

from the SHU. Respondent also seeks dismissal of Manuel's remaining claims for failure to exhaust administrative remedies, and because he has no liberty interest in placement in an RDAP program or early release implicating due process.

Respondent argues that Manuel's claim concerning his placement in the SHU is moot. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). As it is clear Manuel is no longer housed at FCI-Cumberland or in its SHU, any request for relief ending such placement is moot.[5]

Respondent next asserts that Manuel's claims should be dismissed for failure to exhaust administrative remedies.[6] While § 2241 does not contain an exhaustion requirement, courts have typically required petitioners to their exhaust administrative remedies prior to filing for federal habeas relief. The administrative exhaustion requirement allows development of a factual record,

---

[5] Manuel asserts that his SHU placement was unlawful because the FBI request was not based on an indictment, warrant or detainer. (ECF No. 1, p. 8). Manuel was placed in the SHU pending transfer to a more secure placement after the FBI informed FCI-Cumberland staff that he was under criminal investigation and considered a flight risk from the minimum security camp. (ECF No. 8, Ex. 2, p 3 ¶ 4). Manuel's bald contention that BOP staff acted improperly is unavailing. Manuel's placement in the SHU does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *See e.g. Ajaj v. United States*, 479 F.Supp.2d 501, 543–44 (D.S.C. 2007). It is well recognized that the functions of prison management, such as security, must be left to the broad discretion of prison administrators to enable safe and effective management. *See, e.g., Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991); *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980). There is no evidence of unconstitutional conduct or that the BOP acted beyond the scope of its authority.

[6] The BOP has established a three-tiered administrative remedy process "through which an inmate may seek formal review of any issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10, *et seq*. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *Id*. The process begins with an attempt at informal resolution, followed by a formal written administrative remedy request, with subsequent appeals to the regional director, and the General Counsel. 28 C.F.R. § 542.13–15(a). (ECF No. 8, p. 9).

providing for the appropriate agency to apply its expertise; permits agencies to grant requested relief, thereby conserving judicial resources; and where judicial intervention is required, it facilitates the court's review. *See Wright v. Warden*, FCI–Cumberland, Civ. No. RDB–10–671, 2010 WL 1258181, *1 (D. Md. March 24, 2010) (citing, *inter alia*, *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)).  This requirement may be excused, however, where compliance would be futile. *Id*.

Manuel does not aver compliance would prove futile or otherwise explain his failure to exhaust his administrative remedies prior to seeking relief in court.  Manuel did not fully exhaust his claims concerning his SHU placement (s*ee supra*. p. 5), nor did he initiate the administrative remedy process to resolve his other claims.

To the extent Manuel asserts the BOP determination regarding his RDAP and early release claims constitutes a violation of his right to due process, his argument is unavailing.  The Due Process Clause applies only when government action deprives a person of a protected liberty or property interest under the Fifth Amendment. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*.  A protected liberty or property interest is one to which a person has "legitimate claim of entitlement." *Id. (citing Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)).  This court has previously noted that a prisoner does not have protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the Residential Drug Abuse Program. *See e.g. Robinson v. Gonzales*, 493 F.Supp.2d 758, 763 (D. Md. 2007); *Simmons v. Warden*, FCI Cumberland, 2011 WL 147294, (D. Md. 2011).  Nor does a prisoner have a constitutional right to be placed in a particular prison facility with a particular drug treatment program. *See McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Moody v. Daggett*,

429 U.S. 78, 88 n. 9(1976) (stating there is no due process right to eligibility for rehabilitative programs).

The determination of early release eligibility is separate from the determination of eligibility for RDAP participation.  Successful completion of the RDAP does not compel the BOP to grant early release.  *See Lopez v. Davis* 531 U.S. at 239–41 (stating that when an eligible prisoner successfully completes the program, the BOP has the authority, but not the duty, to alter conditions of confinement and to reduce terms of imprisonment).  In sum, Manuel has no liberty interest in being permitted to participate in RDAP or in early release through completion of RDAP under 18 U.S.C. § 3621(e).

Further, Manuel provides no grounds to find his removal from the RDAP was unconstitutional or the BOP exceeded its authority.  As earlier discussed, the BOP determined Manuel ineligible for early release under 18 U.S.C. § 3621(e) after the detainer was lodged against him, and he was unable to complete the CCC portion of the program.  Manuel does not claim these actions were arbitrary or capricious, exceeded agency authority, or were otherwise inconsistent with BOP regulations or policy statements.

As a final matter, Respondent argues that even had Manuel exhausted his administrative remedies on his retaliation claim,[7] he has failed to provide sufficient factual allegations in support.  Manuel, who is an amputee, claims that he was improperly sanctioned with loss of commissary privileges[8] for failing to stand during a cell count.  Manuel claims he was in the process of affixing his prosthesis when called to stand.  Manuel asserts that he has sat on his bed

---

[7]  The retaliation claim speaks to the hybrid nature of this matter and is intertwined with Manuel's request for habeas relief.

[8]  Manuel appears to attribute an increase in his security points to the incident.  The report, however, shows that his only sanction was loss of commissary privileges.  (ECF No. 3, Ex. 1).  As earlier discussed, Manuel does not appear to seek additional habeas corpus relief on the basis of this claim. *See* supra n. 2.

during cell count at other times without disciplinary action. (ECF No. 3, Ex. 2). Manuel's conclusory assertion that the sanction was in retaliation for filing this habeas proceeding is without substantiation.  Bare assertions of retaliation do not establish a claim of constitutional dimension. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

## CONCLUSION

For these reasons, the court finds no cause to award habeas relief and will deny the Petition.  Manuel has not made the requisite "substantial showing of the denial of a constitutional right" for a Certificate of Appealability should he seek one from this court. *See* 28 U.S.C. § 2253(c) (2).  A separate Order follows.


  August 18, 2014                        _____/s/_____
Date                                      DEBORAH K. CHASANOW
                                          United States District Judge